**Dated: April 19, 2019**
**The following is SO ORDERED:**


David S. Kennedy
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

```
                    UNITED STATES BANKRUPTCY COURT
                    WESTERN DISTRICT OF TENNESSEE


In Re:                                              Chapter 13

SCHWANA PATRICE ANDERSON

Debtor(s)                                           Case No. 19-20659-K
```

Order Confirming Plan Combined With Related Orders

It appearing to the Court that the debtor(s) has (or have) filed a plan which has been sent to the scheduled creditors; that at the confirmation hearing it appeared to the Court from statements of the Chapter 13 Trustee, and the entire record herein, that the plan as finalized complies with 11 U.S.C. §1325(a) and other applicable provisions of the Bankruptcy Code; and that the plan should be confirmed;

IT IS THEREFORE, ORDERED BY THE COURT:

1. That the debtor(s)' plan, which is attached hereto, is confirmed;

2. That the debtor(s) pay into the plan as follows:

   Debtor One Employer   FEDERAL EXPRESS CORPORATION         $315.00 WEEKLY

   If this is different from the originally proposed plan amount, then the Chapter 13 Trustee is authorized to submit a separate order changing payment. Furthermore, the debtor(s)' future earnings shall remain property of the estate and under the exclusive control of this Court pursuant to 28 U.S.C. §1334(e) and 157(a). In the event of a case dismissal, funds held by the Chapter 13 Trustee shall be paid to creditors in accordance with the terms of the plan unless otherwise ordered by the Court.

3. All property shall remain property of the chapter 13 estate under 11 U.S.C. §541(a) and 1306(a) and shall revest in the Debtor(s) only upon discharge pursuant to §1328(a), conversion of the case, or specific order of the Court which states otherwise. The debtor(s) shall remain in possession of and in control of all property of the estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court.

4. An attorney fee is allowed in the amount of $3,761.00. The attorney has received $39.00 to be retained.

5. The percentage to be received by unsecured creditors is to be determined by the Trustee after the expiration of the bar date for the filing of claims; separate order to be entered thereon.

6. Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts. If the debtor(s) surrender(s) with Court authorization any real property during the pendency of this case or such property is abandoned, the real property will no longer be property of the estate; the automatic stay shall terminate regarding the interests of affected real property taxing authorities, and the Chapter 13 plan may be modified accordingly.

7. The balances of any student loans shall survive discharge if the plan indicates same.

CC: George W. Stevenson

JIMMY MCELROY, ATTY  
3780 S MENDENHALL, #202  
MEMPHIS, TN 38115

/s/ George W. Stevenson  
Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In re:   SCHWANA PATRICE ANDERSON                              Case No.19-20659-K

Debtor(s).                                                     Chapter 13

## CHAPTER 13 PLAN

ADDRESS:   5090 KENNETT COURT
           MEMPHIS, TN 38141-0000

PLAN PAYMENT:

Debtor 1   FEDERAL EXPRESS CORPORATION              Payroll        $315.00   WEEKLY
           30 FED EX PARKWAY 2ND FLOOR HORIZONTAL
           COLLIERVILLE, TN 38017

1. THIS PLAN  [3015.1 Notice]:

   (A)  CONTAINS NOT STANDARD PROVISION(S). (See Plan Provision #19)                YES
   (B)  LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF                YES
        THE COLLATERAL FOR THE CLAIM. (See Plan Provisions #7, #8)
   (C)  AVOIDS A SECURITY INTEREST OR LIEN. (See Plan Provision 12)                 NO

2. ADMINISTRATIVE EXPENSES: PAY FILING FEE AND DEBTOR(S)' ATTORNEY FEE PURSUANT TO CONFIRMATION ORDER.

3. AUTO INSURANCE: Not included in Plan.

   2011 NISSAN ROGUE                       Plan Insurance Is Suspended          $0.00
                                   Sch/Clm      Value      Interest    Mthly Pymt

4. DOMESTIC SUPPORT:

5. PRIORITY CLAIMS:

6. HOME MORTGAGE CLAIMS:
   HOME POINT FINANCIAL CORPORATION       Apr 01, 2019       0.00%      $935.53
                                          6,376.55           0.00%      $106.00

7. SECURED CLAIMS [Retain lien 11 U.S.C. 1325 (a)(5)]:
   ORION BANK                             3,850.00  $3,850.00  0.00%      $77.00

8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITH ONE YEAR OF FILING:

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:

10. SPECIAL CLASS UNSECURED CLAIMS:

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

| | |
|---|---:|
| SPEEDY/RAPID CASH | $1,493.66 |
| BANK OF AMERICA | $807.19 |
| PORTFOLIO RECOVERY ASSOCIATES | $1,821.33 |
| CAPITAL ONE | $254.00 |
| CREDIT FIRST NATIONAL ASSC | $601.37 |
| DIRECTV LLC | $214.29 |
| JEFFERSON CAPITAL SYSTEMS LLC | $889.78 |
| JEFFERSON CAPITAL SYSTEMS LLC | $692.75 |
| HARPETH FINANCIAL SERVICES LLC | $3,377.30 |
| RESURGENT CAPITAL SERVICES | $2,263.86 |
| DEPARTMENT STORES NATIONAL BANK | $1,383.68 |
| REVENUE ASSURANCE PROFESSIONAL LLC | $2,589.62 |
| MIDLAND CREDIT MANAGMENT INC | $1,123.49 |
| WEST CLINIC | $462.00 |
| ABSOLUTE RESOLUTIONS INVESTMENTS [Add] | $2,650.87 |
| REVENUE ASSURANCE PROFESSIONAL LLC [Add] | $28.63 |
| REVENUE ASSURANCE PROFESSIONAL LLC [Add] | $314.00 |
| 13/7, LLC [Add] | $470.58 |
| RESURGENT CAPITAL SERVICES [Add] | $11.51 |
| PORTFOLIO RECOVERY ASSOCIATES [Add] | $2,199.19 |
| ORION BANK | $6,591.28 |

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: 14,951.00

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS: THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:

17. COMPLETION: PLAN SHALL BE COMPLETED UPON PAYMENT OF THE ABOVE, APPROXIMATELY 60 MONTHS.

18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.

19. NON-STANDARD PROVISION(S):

    ANY NON STANDARD PROVISION STATED ELSEWHERE IS VOID

20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.